**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 22-31641 (MVL) |
| GOODMAN NETWORKS, INC., | § | (Bankr. N.D. Tex. – Dallas Division) |
| | § | Chapter 7 |
| *Debtor*. | § | |

| | | |
|---|---|---|
| ARRIS SOLUTIONS, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Adversary Proceeding No. 23-03035-mvl |
| | § | |
| GOODMAN NETWORKS, INC. d/b/a | § | |
| GOODMAN SOLUTIONS; GNET ATC, LLC | § | |
| GENESIS NETWORKS TELECOM | § | |
| SERVICES, LLC d/b/a GENESIS ATC; and | § | |
| JAMES GOODMAN, | § | |
| | § | |
| *Defendants*. | § | |

**AGREED MOTION TO ABATE ADVERSARY PROCEEDING**

Plaintiff ARRIS Solutions, Inc. ("ARRIS"), Defendants James Goodman ("Goodman"),

and Scott M. Seidel, Chapter 7 Trustee of the bankruptcy estate of Goodman Networks, Inc. d/b/a

Goodman Solutions (the "Trustee') file their *Agreed Motion to Abate Adversary Proceeding* and

show:

**I.    MOTION**

1.    The above-captioned lawsuit was originally filed in state court in Bexar County,

Texas in November 2021.

2.    In September 2022, the above-captioned involuntary bankruptcy proceeding was

filed against Goodman Networks, Inc. d/b/a Goodman Solutions (the "Debtor") in this Court.

3.    In December 2022, this Court entered an order for relief in the involuntary

bankruptcy proceeding.

4.    On March 13, 2023, Goodman timely removed this lawsuit to the U.S. Bankruptcy

Court for the Western District of Texas, San Antonio Division.

5.      Subsequently, Goodman moved to transfer this lawsuit to the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division.  Neither ARRIS nor Scott Seidel, the Chapter 7 Trustee, opposed the transfer of this lawsuit to this Court, though both reserved all rights, including the right to request remand to state court if they subsequently believe remand to be appropriate.

6.      Transfer of this lawsuit to this Court was granted and it was docketed as the above-captioned adversary proceeding.

7.      On June 7, 2023, the Court conducted a status conference in this adversary proceeding, at which counsel for ARRIS, Goodman, and the Trustee were present.  During the status conference, counsel for all parties announced their intention to file an agreed order temporarily abating this adversary proceeding for 180 days to minimize unnecessary costs and expenditures while the main bankruptcy proceeding moves forward.

8.      As evidenced by the signatures of counsel on the agreed order attached as **Exhibit A**, the parties believe this adversary proceeding should be abated for 180 days, subject to the other conditions set forth in the agreed order.

## II.   RELIEF REQUESTED

For these reasons, the parties request that the Court enter the agreed order attached as **Exhibit A** abating this adversary proceeding and grant such other relief as the Court deems just and appropriate.

2

Respectfully Submitted,

**DLA PIPER LLP (US)**

*/s/ Noah Schottenstein*
James Muenker
State Bar No. 24002659
Noah Schottenstein
State Bar No. 24100661
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201-2482
james.muenker@dlapiper.com
noah.schottenstein@dlapiper.com

*Counsel for ARRIS SOLUTIONS, INC.*

- AND -

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Thomas Berghman*
Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
drukavina@munsch.com
tberghman@munsch.com
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

*Counsel for Scott M. Seidel, Trustee of GOODMAN
NETWORKS, INC., parent entity of GNET ATC, LLC*

- AND -

**WINSTEAD PC**

By:*/s/ Matthias Kleinsasser*
Matthias Kleinsasser
State Bar No. 24071357
mkleinsasser@winstead.com
Sahrish K. Soleja
State Bar No. 24102522
ssoleja@winstead.com
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102

*Counsel for Defendant James Goodman*

3

## CERTIFICATE OF CONFERENCE

As evidenced by the signatures of counsel for ARRIS, Goodman, and the Trustee on the attached agreed order, this motion is unopposed.

*/s/ Matthias Kleinsasser*
Matthias Kleinsasser

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record in this case by ECF on September 18, 2023 as follows:

James Muenker
Noah Schottenstein
**DLA PIPER LLP (US)**
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201-2482

*Counsel for ARRIS SOLUTIONS, INC.*

Davor Rukavina
Thomas D. Berghman
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

*Counsel for Scott M. Seidel, Trustee of*
*GOODMAN NETWORKS, INC., parent entity of GNET ATC, LLC*

4

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>GOODMAN NETWORKS, INC.,<br><br>  *Debtor*. | §<br>§<br>§<br>§ | Case No. 22-31641 (MVL)<br>(Bankr. N.D. Tex. – Dallas Division)<br>Chapter 7 |

| | | |
|---|---|---|
| ARRIS SOLUTIONS, INC.,<br><br>  *Plaintiff*,<br><br>v.<br><br>GOODMAN NETWORKS, INC. d/b/a<br>GOODMAN SOLUTIONS; GNET ATC, LLC<br>GENESIS NETWORKS TELECOM<br>SERVICES, LLC d/b/a GENESIS ATC; and<br>JAMES GOODMAN,<br><br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adversary Proceeding No. 23-03035-mvl |

**AGREED ORDER GRANTING AGREED
MOTION TO ABATE ADVERSARY PROCEEDING**

Before the Court is the *Agreed Motion to Abate Adversary Proceeding* (the "Motion") filed by Plaintiff ARRIS Solutions, Inc. ("ARRIS"), Defendant James Goodman ("Goodman"), and Scott M. Seidel, Trustee of the bankruptcy estate of Goodman Networks, Inc. d/b/a Goodman Solutions (the "Trustee").  By the Motion, the parties request that the above-captioned adversary proceeding (the "Adversary") be abated for 180 days, subject to the conditions set forth below. After reviewing the Motion and considering the agreement of counsel and applicable authority, the Court finds and concludes that the Motion should be GRANTED.  It is therefore

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Adversary, and any deadlines therein or related thereto, are abated for 180 days from the date of entry of this Order, after which the Court will consider whether the Adversary should remain abated; provided that abatement is without prejudice to any party to the Adversary requesting that abatement be lifted prior to the 180-day deadline and the right of any other party to oppose such request; and it is further

ORDERED that this Order shall not affect any rights, claims, and defenses of each party with respect to the Adversary, all of which are expressly reserved.

#### END OF ORDER ####

2

**AGREED IN SUBSTANCE AND FORM:**

**DLA PIPER LLP (US)**
*/s/ Noah Schottenstein*
James Muenker
State Bar No. 24002659
Noah Schottenstein
State Bar No. 24100661
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201-2482
james.muenker@dlapiper.com
noah.schottenstein@dlapiper.com
*Counsel for ARRIS SOLUTIONS, INC.*

- AND -

**MUNSCH HARDT KOPF & HARR, P.C.**
*/s/ Thomas Berghman*
Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
drukavina@munsch.com
tberghman@munsch.com
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

*Counsel for Scott M. Seidel, Trustee of*
*GOODMAN NETWORKS, INC., parent entity of GNET ATC, LLC*

- AND -

**WINSTEAD PC**
By:*/s/ Matthias Kleinsasser*
Matthias Kleinsasser
State Bar No. 24071357
mkleinsasser@winstead.com
Sahrish K. Soleja
State Bar No. 24102522
ssoleja@winstead.com
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102

*Counsel for Defendant James Goodman*

3